# Exhibit 23

 **OFFICE OF THE HIGH COMMISSIONER FOR HUMAN RIGHTS** 

## *Concluding observations of the Committee against Torture : Kazakhstan. 05/17/2001.*
## *A/56/44,paras.121-129. (Concluding Observations/Comments)*

**Convention Abbreviation:** CAT
COMMITTEE AGAINST TORTURE
Twenty-sixth session
30 April-18 May 2001

### Kazakhstan

121. The Committee considered the initial report of Kazakhstan (CAT/C/47/Add.1) at its 470th, 473rd and 482nd meetings (CAT/C/SR.470, 473 and 482), held on 9, 10 and 17 May 2001, and adopted the following conclusions and recommendations.

### A. Introduction

122. The Committee welcomes the initial report of Kazakhstan and notes that the report mainly addresses legal provisions and lacks detailed information on the implementation of the Convention in practice. However, the Committee wishes to express its appreciation for the extensive and informative oral update given by the high-level delegation of the State party during the consideration of the report.

### B. Positive aspects

123. The Committee notes the statement by the representatives of the State party that the Government of Kazakhstan will shortly adopt a specific crime of torture, defined in conformity with article 1 of the Convention, and that the crime of "torture" will be added to article 116 of the Code of Criminal Procedure.

124. The Committee appreciates the assurances that the Government of Kazakhstan will create an independent ombudsman, with a team of qualified lawyers, jurists and human rights advocates available free of charge to citizens needing its assistance.

125. The Committee welcomes the progress made in conjunction with the World Health Organization in lowering the incidence of tuberculosis in places of detention and the development of a long-term plan of cooperation with international organizations to continue such efforts.

126. The Committee welcomes the fact that the Government, recognizing the binding effect of the Convention on the Elimination of All Forms of Discrimination against Women, has reported to the treaty-monitoring body regarding its implementation of that Convention. The Committee against Torture, appreciating the Government's assurances that it will take appropriate action to give continuing effect to the International Covenant on Economic, Social and Cultural Rights and to the International

Covenant on Civil and Political Rights, notes that the Human Rights Committee has requested the submission of a report by Kazakhstan on its implementation of the latter Covenant by July 2001.

### C. Factors and difficulties impeding the application of the provisions of the Convention

127. The Committee is aware of the difficulty of overcoming the inheritance of an authoritarian system in the transition to a democratic form of governance and the challenges emanating from the rebuilding of State structures.

### D. Subjects of concern

128. The Committee expresses its concern about the human rights situation in general, and in particular about the following:

(a) The absence of a definition of torture, as provided in article 1 of the Convention, in the Criminal Code of the State party and the lack of a specific offence of torture, with the result that torture is not punishable by appropriate penalties, as required in article 4, paragraph 2, of the Convention;

(b) The allegations of acts of torture and other cruel, inhuman and degrading treatment or punishment committed by law-enforcement officials of the State party or with their acquiescence, including beatings and other actions in breach of the Convention against political opponents of the Government;

(c) The insufficient level of independence and effectiveness of the procuracy, in particular as the Procurator has the competence to exercise oversight on the appropriateness of the duration of pre-trial detention;

(d) The pattern of failure of officials, including the procuracy, to provide in every instance prompt, impartial and full investigations into allegations of torture reported to the authorities, as well as a failure to prosecute alleged perpetrators, as required by articles 12 and 13 of the Convention. The Committee appreciates, but expresses concern, over the Government's acknowledgement of superficial investigations, destruction of evidence, intimidation of victims, and forced repudiation of testimony by investigators and personnel of the Ministry of Internal Affairs;

(e) Allegations that judges refuse to take into account evidence of torture and ill-treatment provided by the accused with regard to his/her treatment by law enforcement officials;

(f) The insufficient level of independence of the judiciary, with judges whose tenure lacks certain necessary safeguards;

(g) The insufficient level of guarantees for the independence of defence counsel;

(h) The overcrowding and lack of access to adequate medical care in prisons and pre-trial detention centres, and particularly in juvenile detention centres, where there are reports of incidents of self-mutilation by detainees; and concern that alternatives to imprisonment are not available to detainees and that the failure to provide adequate corrective programmes, education and training create situations leading to heightened recidivist levels;

(i) The criterion for success by investigators is the number of solved crimes, which can lead to pressure upon detainees to "confess" as a result of actions in breach of the Convention.

(j) The absence of information in the report regarding torture and ill-treatment affecting women and girls, particularly in view of the rise in imprisonment rates of females and allegations of abusive treatment of women in police custody.

E. Recommendations

129. The Committee recommends that the State party:

(a) Proceed promptly with its stated plans to amend its domestic penal law to include the crime of torture, fully consistent with the definition contained in article 1 of the Convention and supported by an adequate penalty;

(b) Take urgent and effective steps to establish a fully independent complaints mechanism and to ensure prompt, impartial and full investigations into the many allegations of torture reported to the authorities, and the prosecution and punishment, as appropriate, of perpetrators;

(c) Expand the powers of the Presidential Human Rights Commission so that it may become an independent and impartial governmental and non-governmental national human rights commission in conformity with the Paris Principles, with effective power, <u>inter alia</u>, to investigate all complaints of human rights violations, in particular those pertaining to the implementation of the Convention;

(d) Ensure in practice absolute respect for the principle of the inadmissibility of evidence obtained by torture;

(e) Take measures, including a review of the Constitution, laws and decrees, to establish and ensure the independence of the judiciary and defence counsel in the performance of their duties in conformity with international standards;

(f) Proceed with the adoption of measures to permit defence counsel to gather evidence and to be involved in cases from the very start of the detention period, and to ensure that doctors will be provided at the request of detained persons, rather than the orders of prison officials;

(g) Improve conditions in prisons and pre-trial detention centres and establish a system allowing for inspections of prisons and detention centres by credible impartial monitors, whose findings should be made public. The State party should also take steps to shorten the current 72-hour pre-trial detention period and avoid prolonged arrest and detention prior to trial;

(h) Complete the transfer of responsibilities for prisons from the Ministry of Internal Affairs to the Ministry of Justice, thereby permitting the demilitarization of the penitentiary system;

(i) Provide independent judicial oversight of the period and conditions of pre-trial detention;

(j) Review cases of convictions based on confessions that may have been obtained through torture or ill-treatment, and ensure adequate compensation to victims;

(k) Make the declarations under articles 21 and 22 of the Convention;

(l) Ensure that specialized personnel are trained to identify signs of physical and psychological torture and that their examinations for requalification include awareness of the Convention's requirements;

(m) Provide data in the next periodic report, disaggregated, inter alia, by age, gender, ethnicity and geography, on civil and military places of detention as well as on juvenile detention centres and other institutions where individuals may be vulnerable to torture or ill-treatment under the Convention; provide information in the next periodic report regarding the number, types and results of cases of punishment of police and other law enforcement personnel for torture and related offences, including those rejected by the court; provide full information on the results of criminal cases described in the State party's initial report and on the compensation provided, if any;

(n) Widely disseminate the Committee's conclusions and recommendations, the summary records of the review of the State party's initial report and the State party's report in the country, including to law-enforcement officials and by means of publication in the media and through distribution and popularization efforts by non-governmental organizations;

(o) Consider consulting with non-governmental and civil society organizations when preparing all parts of the next periodic report.



TOP | HOME | INSTRUMENTS | DOCUMENTS | INDEX | SEARCH

©1996-2001
**Office of the United Nations High Commissioner for Human Rights
Geneva, Switzerland**