THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEVINCCI SALAH HOURANI, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALEXANDER V. MIRTCHEV, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 10-01618 <br> (TFH) |

## ORDER

Pending before the Court are:

1. Plaintiffs' Motion for Leave to Amend Complaint [Dkt. No. 60];

2. Defendants' Motion to Dismiss Complaint or in the Alternative, to Stay Action Pending Arbitration ("Motion to Dismiss") [Dkt. No. 12];

3. Defendants' Motion to Strike Portions of the Complaint [Dkt. No. 13]; and

4. Defendants' Motion for Leave to File 2012 Export Report [Dkt. No. 64].

After carefully considering the motions, the oppositions thereto, and the record of this case, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend Complaint [Dkt. No. 60]; **DENIES** without prejudice Defendants' Motion to Dismiss Complaint [Dkt. No. 12] and Motion to Strike Portions of the Complaint [Dkt. No. 13]; and **HOLDS IN ABEYANCE** Defendants' Motion for Leave to File 2012 Expert Report [Dkt. No. 64], as further explained below.[1]

---

[1] This Order does not disturb the Court's July 13, 2011 Order: (1) staying discovery; and holding in abeyance the (2) Motion for Leave to Take Jurisdictional Discovery and; (3) Motion for Sanctions for Filing False Documents pending resolution of any potential motions to dismiss. See Order (July 13, 2011) [Dkt. No. 53].

I. **Motion for Leave to Amend Complaint**

Rule 15(a) provides, inter alia, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2] The rule further instructs, "[t]he court should freely give leave when justice so requires." Id. While the Court's decision to grant or deny leave to amend is discretionary, the Court abuses its discretion by denying leave to amend without providing "sufficient reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments or futility of amendment." *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing and quoting in part *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendants argue leave to file an amended complaint should be denied for bad faith and futility of amendment.

*A. Bad faith*

Defendants oppose Plaintiffs' motion arguing the proposed amended complaint represents a bad faith attempt by the plaintiffs to avoid dismissal of Plaintiffs' original complaint. See Defs.' Opp'n to the Pls.' Mot. for Leave to Amend Compl., at 7-8 ("Opp'n") [Dkt. No. 61]. To do so, Defendants argue, the Plaintiffs' amended complaint alleges facts that contradict material factual allegations contained in the original complaint. See id. at 7. Plaintiffs deny factual inconsistencies exist between the amended complaint and the original complaint. See Pl.'s Reply in Support of Their Mot. for Leave to Amend at 6 ("Reply") [Dkt. No. 62].

---

[2] Rule 15(a) also authorizes a party to amend its pleading *as a matter or right* within either: "21 days after serving it, or . . . 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). However, Plaintiffs' motion to file an amended complaint comes well over 21 days after service of motions under Rule 12(b) and (f). See [Dkt. Nos. 12 and 13].

The Court cannot impute bad faith motives to Plaintiffs' motion. The original complaint alleges a broad sweeping conspiracy to deprive Plaintiffs of their business interests in Kazakhstan – implicating the highest levels of the Kazakhstan government. See, e.g., Compl. at 2 [Dkt. No. 1]. Nonetheless, with respect to KTK Television and Alma Media, two businesses in which Plaintiffs had interests, the original complaint alleges the President of Kazakhstan's daughter played a substantial, indeed primary, role in depriving Plaintiffs of their assets. See id. ¶¶ 118, 126. The proposed amended complaint focuses on those events. See First Amended Compl. ¶¶ 12-14 [Dkt. No. 60-3]; Reply at 6-7. That the original complaint included additional allegations and alleged a broader conspiracy does not preclude Plaintiffs from narrowing the focus of their lawsuit, nor does it suggest bad faith. *See Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) ("a plaintiff is not bound by the legal theory on which he or she originally relied" (citation omitted)).

### B. Futility

Moreover, the Court cannot conclude at this time that granting Plaintiffs' motion would be futile. Counts I and II of Plaintiffs' proposed amended complaint allege Defendants violated the RICO Act, 18 U.S.C. § 1962(c), (d). First. Am. Compl. at 9-10. Count III of the proposed amended complaint alleges Defendants conspired with others to defame Plaintiffs. Id. at 10-12. Defendants argue Plaintiffs' motion should be denied as futile because Counts I, II, and III of the proposed amended complaint fail to state valid claims. See Opp'n at 11-15. "A district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to

3

dismiss." *In re InterBank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215 (D.C. Cir. 2010) (citation omitted).

Here, the proposed amended complaint alleges facts, beyond mere legal conclusion, sufficient to support a claim that Defendants – a District of Columbia-based enterprise – and others engaged in series of related racketeering predicates against the Plaintiffs; over an extended period of time and; that Defendants' involvement directly led to injuries suffered by Plaintiffs. See First Am. Compl. ¶¶ 17-48; *see also Western Assocs. Ltd. Pshp. v. Market Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001) (outlining the elements of 18 U.S.C. § 1962(c)) (quoting in part *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1117 (D.C. Cir. 1991). Further, the proposed amended complaint narrows the scope of the alleged RICO conspiracy and adds facts constituting more than "bare, conclusory assertions," Opp'n at 14, to sufficiently allege the defendants and others conspired to violate § 1962(c) in violation of § 1962(d). See First Am. Compl. ¶¶ 11-16. Finally, at least at this stage, Plaintiffs proposed amended complaint alleges sufficient factual detail to prevent the Court from concluding Count III could not survive a motion to dismiss. Id. ¶¶ 12-16, 57-63. Without concluding whether Plaintiffs' proposed amended complaint will ultimately survive a motion to dismiss, the Court cannot find - at this stage - that granting Plaintiffs leave to file a first amended complaint would be futile.

The Plaintiffs' Motion for Leave to Amend Complaint is thus **GRANTED**. Accordingly, the Clerk of the Court is instructed to accept for filing forthwith Plaintiffs' First Amended Complaint, the Court having decided that their motion for leave to amend

must be granted. As a result of this ruling, Defendants' pending motions to dismiss and to strike portions of the original complaint are **DENIED** without prejudice.

## II.     Motion for Leave to File 2012 Expert Report

Defendants have also filed a Motion for Leave to File 2012 Expert Report [Dkt. No. 64]. Defendants contend the expert's report is "relevant to several motions" before the Court. See Mem. in Support of Mot. for Leave to File 2012 Expert Report at 1-2. In light to the Court's rulings herein, the Court finds the report's only remaining relevance pertains to the Defendants' motion for sanctions, see Defs.' Consolidated Opp'n to Pls.' Mot. to Take Jurisdictional Disc. and Mot. for Sanctions for Filing False Documents [Dkt. No. 24]. Accordingly, the Court **HOLDS IN ABEYANCE**, this motion until the Court endeavors to address Defendants' motion for sanctions.

**SO ORDERED**

April 9, 2012

_____
Thomas F. Hogan
UNITED STATES DISTRICT JUDGE